UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE L. DAVIS,<br><br>        Plaintiff,<br><br>    v.<br><br>R.W. MORROW, et. al.,<br><br>        Defendants.<br>                                                         / | CV F   05 0025 REC SMS P<br><br>FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR PRELIMINARY INJUNCTION AND ORDER TO SHOW CAUSE (Doc. 12-1, 12-2.) |

Terrence L. Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The instant action was filed on December 27, 2004, in the Sacramento Division of this District. The case was transferred to this Court and received on January 4, 2005.

On September 1, 2005, Plaintiff filed a pleading titled "Order to Show Cause and Temporary Restraining Order." The Court's review of this document reveals that it is an "Order" issued by Plaintiff directing the Defendants to Show Cause why a preliminary injunction should not be issued to prevent Plaintiff's legal property from being "denied, impeded, delayed, and meting out." Plaintiff then cites to the California Code of Regulations pertaining to the maximum allowable of legal property.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v.

1  Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who
2  "demonstrates either (1) a combination of probable success and the possibility of irreparable
3  harm, or (2) that serious questions are raised and the balance of hardship tips in its favor."
4  Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either
5  approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id.  Also, an
6  injunction should not issue if the plaintiff "shows no chance of success on the merits." Id.  At a
7  bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or
8  questions serious enough to require litigation." Id.  "A federal court may issue an injunction if it
9  has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may
10  not attempt to determine the rights of persons not before the court.*" Zepeda v. United States
11  Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

12         In this case, the Court has yet to screen Plaintiff's Complaint .  Thus, it is unclear whether
13  the Complaint states a claim against the named Defendants.  Unless and until such a finding
14  occurs by the Court, no Defendant will be required to Answer to the allegations raised in the
15  Complaint.  Plaintiff is not entitled to preliminary injunctive relief until such time as the court
16  finds that his complaint contains cognizable claims for relief against the named defendants and
17  the named defendants have been served with the summons and complaint.  At this juncture, the
18  Motion for Preliminary Injunctive relief is premature.  Plaintiff is cautioned to any further
19  Motions for Preliminary Injunctive relief that are filed before Defendants are served with process
20  in this case will be denied as premature.

21         Further, even if, at a future time, the Court finds Plaintiff has stated cognizable claims for
22  relief and this action proceeds forward, the court cannot issue orders that do not remedy the
23  claims alleged in this action.  Thus, Plaintiff is not entitled to orders that, rather than serving to
24  remedy the claims in this action, serve to allow Plaintiff to litigate this action more effectively.

25         Finally, Plaintiff is not a Court of law and my not issue Orders to Show Cause or
26  Preliminary Injunctions.  The instant pleading was construed as a Motion by the Clerk of Court,
27  however, it is noted that Plaintiff was simply issuing his own Order to Show Cause and
28  Preliminary Injunction.  Only a Court of Law may issue such Orders.

Accordingly, the Court RECOMMENDS that the Motion for Order to Show Cause be DENIED and the Motion for Preliminary Injunction be DENIED as premature.

The Court HEREBY ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within TEN (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    October 2, 2005**              /s/ Sandra M. Snyder
icido3                                             UNITED STATES MAGISTRATE JUDGE