UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE L. DAVIS,<br><br>            Plaintiff,<br><br>      v.<br><br>R.W. MORROW, et. al.,<br><br>            Defendants.<br>_____/ | CV F   05 0025 REC SMS P<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1, 7.) |

    Terrence L. Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.   The instant action was filed on December 27, 2004, in the Sacramento Division of this District.  The case was transferred to this Court and received on January 4, 2005.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Further, and most importantly, Plaintiff's Amended Complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Rule 8(a) does not require an elaborate recitation

of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

In this case, Plaintiff's Complaint consists of over two hundred (200) documents, well beyond what is required to provide Defendants with "notice" of the claims for relief. In addition, the documents are not organized and the Court could find only three pages of what appear to be part of the Complaint, however, at least two of these pages appear to be duplicative of each other. For this reason, the Court will not parse through these 200+ documents, pull out what may or may not be part of the actual complaint form and try to formulate what may be Plaintiff's claim for relief. Plaintiff will be required to amend the Complaint and complete the Complaint form in its entirety. Plaintiff is also informed that is generally inappropriate to attach exhibits to a complaint. See Rule 8, Federal Rules of Civil Procedure. The Court cannot serve as a repository for the parties' evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court). Moreover, as Plaintiff is only required to put Defendant's on notice of his claims, he need only provide a statement of the claim, a brief statement of the facts supporting it and a prayer for relief. No citation to legal authority or evidence is required at this stage of the case.

The Court finds that the Complaint, in its current state, does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants. The Court will provide Plaintiff with time to file a first Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Amended Complaint must specifically state how each Defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

F.2d 740, 743 (9th Cir. 1978).

    Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

    The Court HEREBY ORDERS:

    1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

    2. The Complaint is DISMISSED with leave to amend. WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

        a. File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

        b. Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

    Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   April 12, 2006**         /s/ Sandra M. Snyder
icido3                              UNITED STATES MAGISTRATE JUDGE