# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE L. DAVIS,<br><br>          Plaintiff,<br><br>     v.<br><br>DR. DEERING, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:05-cv-00025-LJO-SMS PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS AGAINST DEFENDANTS DEERING, NGUYEN, SMITH, POSNER, ADAMS, AND OVERLY<br><br>(Doc. 27) |

I.    Screening Order

    A.    Screening Requirement

Plaintiff Terrence L. Davis ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and California tort law. Plaintiff filed this action on December 27, 2004. On April 13, 2006, the court dismissed plaintiff's complaint, with leave to amend, for failure to comply with Federal Rule of Civil Procedure 8(a). Plaintiff filed an amended complaint on May 30, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1] 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

---

[1] Although plaintiff is no longer in custody, he was a prisoner when he filed this suit.

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.  Plaintiff's Claims

Plaintiff was an inmate housed at the California Substance Abuse Treatment Facility and State Prison ("CSATF") in Corcoran when the events at issue in this action allegedly occurred. The defendants named in this action are Doctors Deering and K. Nguyen, Registered Nurse Smith, CSATF-Corcoran Health Care Administrator K. Allison, Chief Medical Officers David Moss Posner and N. Bhatt, Warden Derral G. Adams, and Medical Technical Assistant D. Overly. Plaintiff is

seeking money damages. The claims in this action arise from the lack of medical care plaintiff was provided with, in violation of his rights under the Eighth Amendment. In addition, plaintiff alleges tort claims under California law.

### 1. Eighth Amendment Medical Care Claims

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

### a. Defendants Deering, Nguyen, and Smith

In his amended complaint, plaintiff alleges that he suffers from a brain tumor, disease in his feet and ankle joints, swelling from his feet to his kneecaps, and degenerative disk disease, all of which caused severe pain. Plaintiff also alleges he had extreme pain in his testicles, stomach, and anus, his left shoulder and tendons would hurt when he extended his arm, he experienced grinding pain when he rotated his shoulder, his vision was beginning to get fuzzy, and he was having dizzy spells. Plaintiff alleges he had been prescribed pain medications to keep his pituitary gland from swelling, which would lead to other medical problems, and he had chronos for boots on the general

population yard, soft shoes for administrative segregation, and lower bunk-lower tier housing due to upper and lower back pain. Plaintiff also alleges he received shots in his back for degenerative disk disease.

Plaintiff alleges that he was seen by defendant Deering on August 20, 2002, and relayed to defendant all of his medical problems, as set forth in the preceding paragraph. Plaintiff alleges that he requested all of the medications he was receiving prior to his transfer to CSATF. Defendant Deering told plaintiff he would check plaintiff's medical files and get back to him. In the meantime, plaintiff was prescribed only acetaminophen.

On September 3, 2002, plaintiff was again seen by defendant Deering, who had before him only one of plaintiff's three medical files. When plaintiff questioned how defendant Deering could treat him without reviewing all three files, defendant flipped through the file and noted that plaintiff had x-rays on his feet and shoulder, and nothing was wrong. Plaintiff pointed out that those x-rays were from 2001. Plaintiff alleges that defendant refused to update his chronos for lower tier-lower bunk housing and an extra mattress, refused to provide needed pain medication, and refused to acknowledge plaintiff's stomach, anus, and testicular pain.

Plaintiff filed an inmate appeal and on September 17, 2002, was seen by defendant Deering. After telling defendant that if he continued to ignore plaintiff's pain and continued to fail to review plaintiff's medical history, plaintiff was going to sue him, defendant became enraged and told plaintiff that there was no point in him making any other orders and plaintiff could have his complaints looked at elsewhere. Plaintiff alleges that defendant told plaintiff he would make sure plaintiff did not receive any more medical treatment while housed there. Plaintiff alleges that defendant Smith was present during the exchange, and while he was housed in E-1 Administrative Segregation, he received no further treatment.

Plaintiff alleges that on September 27, 2002, he was in acute pain in his abdomen and testicular areas, and was escorted to the clinic, where defendant Deering took a cursory look at his testicle, and told plaintiff he was sick of seeing plaintiff's face and would see plaintiff in court. Plaintiff alleges that he complained every day to defendant Smith and other medical personnel that

///

he was in pain, but on each occasion, defendant Smith told him his files had been forgotten and she forgot to sign him up for sick call.

Plaintiff alleges that on October 22, 2002, he was finally called to be seen by defendant Nguyen and complained of acute stomach, testicle, head, back, neck, and foot pain, along with other medical problems. Plaintiff alleges that defendant Smith was present and when defendant Nguyen began to write some medical orders, defendant Smith gave him a look and told him he could not make any orders without plaintiff's medical files. After some initial confusion on defendant Nguyen's part regarding defendant Smith's actions and another attempt by defendant Nguyen at writing medical which orders which resulted in the same response from defendant Smith, defendant Nguyen began repeating what defendant Smith said regarding being unable to write orders without plaintiff's medical files. Plaintiff alleges he was escorted out of the clinic without any medical orders after telling defendant Nguyen that he was just going by what defendant Smith was telling him and that defendant Smith was acting in collusion with another person, and asking defendant Nguyen how he could help defendant Smith when plaintiff was in pain. Plaintiff alleges that he was only provided with acetaminophen, which did nothing for his pain, and was not provided with any treatment until he was released from E-1 Ad-Seg, as promised by defendant Deering.

Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983 against defendants Deering, Nguyen, and Smith for acting with deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. Fed. R. Civ. P. 8(a).

          b.          <u>Defendants Posner and Adams</u>

Liability may not be imposed under section 1983 on supervisory personnel for the actions of their employees under a theory of <u>respondeat superior</u>. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient

5

that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff alleges that defendants Posner and Adams were responsible for endorsing the policy under which inmates were not allowed to have soft shoes even if they had a chrono for soft shoes. Plaintiff alleges that as a result, he was forced to wear shoes which caused him extreme pain and led to shooting pain from his feet up to his spine, where he had herniated disks. Plaintiff also alleges that defendant Posner failed to authorize the treatment plan by dermatologist Dr. Susan Luu for his adult acne, which led to worsening flare-ups and scarring. These allegations are sufficient to state a claim against defendants Posner and Adams under section 1983 for violation of the Eighth Amendment. Fed. R. Civ. P. 8(a).

### c.  Defendants Allison, Overly, and Bhatt

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.) Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in

///

motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff alleges that defendant Allison sent him a "memorandum pertaining to my alleged (adequate) health care, . . . in conjunction with mentioned perp's have alluded to; fraudulent false facts of [his] medical treatment that [he] received." (Doc. 27, Amend. Comp., court record pg. 11:6-9.) This vague and confusing allegation does not give rise to a claim for relief against defendant Allison.

Plaintiff's allegations against defendants Overly and Bhatt stem from their involvement in resolving an inmate appeal plaintiff filed. Plaintiff alleges that defendant Overly failed to do a thorough investigation into plaintiff's grievances, and failed to contact plaintiff concerning his appeal. Plaintiff alleges that defendant Overly had ample time to review his files, and verify that his appeal had merit and was based on facts regarding his medical treatment, including defendant Nguyen's failure to provide medication. Plaintiff alleges that defendant Bhatt knowingly participated by co-signing the appeal response.

In light of liberal federal notice pleadings standards, most recently addressed by the United States Supreme Court in Erickson v. Pardus, No. 06-7317, 2007 WL 1582936 (Jun. 4, 2007), plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983 against defendant Overly for failing to intervene when placed on notice that plaintiff's medical needs were not being treated. Fed. R. Civ. P. 8(a). However, the mere allegation that defendant Bhatt co-signed the appeal response is simply not sufficient to support a claim that defendant Bhatt violated plaintiff's constitutional rights by acting with deliberate indifference to plaintiff's serious medical needs.

        2.    State Law Tort Claims

In addition to his Eighth Amendment claims, plaintiff alleges that defendants' actions constituted "medical malpractice, wanton infliction of pain, and intentional indifference." (Amend. Comp., court record pg. 4.) Since wanton infliction of pain and intentional indifference are not recognized tort claims, the court construes those claims to be one for intentional infliction of

///

7

emotional distress. To the extent that plaintiff disagrees with this construction, his remedy is to file a second amended complaint.

In a medical malpractice action, the plaintiff must establish: "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Tortorella v. Castro, 140 Cal.App.4th 1, 3 n.2 (2006); Hanson v. Grode, 76 Cal.App.4th 601, 606 (1999). "The standard of care in a medical malpractice case requires that medical service providers exercise that . . . degree of skill, knowledge and care ordinarily possessed and exercised by members of their profession under similar circumstances." Barris v. County of Los Angeles, 20 Cal.4th 101, 108 (Cal. 1999); Landeros v. Flood, 17 Cal.3d.399, 408 (1976). Under California law, the elements of intentional infliction of emotional distress ("I.I.E.D.") are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by defendant's outrageous conduct. Sabow v. United States, 93 F.3d 1445, 1454 (9th Cir. 1996) (citing to Christensen v. Superior Court, 54 Cal.3d 868 (1991)) (quotations omitted).

In light of federal notice pleading standards, plaintiff's allegations are sufficient to state claims for relief against defendants Deering, Nguyen, Smith, Posner, and Overly for medical malpractice, and against defendants Deering, Nguyen, and Smith for I.I.E.D. However, defendant Adams is a warden rather than a medical professional, and therefore, no medical malpractice claim lies against him. Further, the actions of defendants Adams, Posner, and Overly, as set forth in the amended complaint, simply do not support a claim that they acted to intentionally inflict emotional distress on plaintiff. Finally, plaintiff's allegations against defendants Allison and Bhatt does not give rise to any claims for relief under state law.

C. Conclusion

Plaintiff's amended complaint states cognizable claims for relief against defendants Deering, Nguyen, Smith, Posner, Adams, and Overly for acting with deliberate indifference to plaintiff's

serious medical needs, in violation of the Eighth Amendment, against defendants Deering, Nguyen, Smith, Posner, and Overly for medical malpractice, and against defendants Deering, Nguyen, and Smith for I.I.E.D. However, plaintiff's amended complaint does not state cognizable claims against defendants Adams for medical malpractice, against defendants Adams, Posner, and Overly for I.I.E.D., and against defendants Allison and Bhatt under the Eighth Amendment or state law. Because plaintiff was not previously notified of these deficiencies in his claims, the court will provide plaintiff with one final opportunity to file a second amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file a second amended complaint and is agreeable to proceeding only against defendants Deering, Nguyen, Smith, Posner, Adams, and Overly on the claims set forth in the preceding paragraph, plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that plaintiff's deficient claims and defendants Allison and Bhatt be dismissed from this action, and will forward plaintiff six summonses and six USM-285 forms to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendants Deering, Nguyen, Smith, Posner, Adams, and Overly.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v.

///

Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:
    a. File a second amended complaint curing the deficiencies identified by the court in this order, or
    b. Notify the court in writing that he does not wish to file a second amended complaint and wishes to proceed only against defendants Deering, Nguyen, Smith, Posner, Adams, and Overly on the claims found to be cognizable by the court; and
3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   June 4, 2007**           /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE