IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TERRENCE L. DAVIS, | ) | 1:05-cv-00025-LJO-SMS-P |
| | ) | |
| Plaintiff, | ) | |
| | ) | **FINDINGS AND RECOMMENDATIONS** |
| vs. | ) | **RE DISMISSAL OF ACTION** |
| | ) | (Doc. 32) |
| DR. DEERING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Terrence L. Davis ("plaintiff"), is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 5, 2007, the court issued an order requiring plaintiff to file a second amended complaint curing the deficiencies identified therein OR notify the court in writing of his wish to otherwise proceed against certain defendants on claims found to be cognizable, within thirty (30) days from the date of service of that order. The thirty-day period has passed, and plaintiff has failed to comply with or otherwise respond to the court's order.

//

/

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic

1 alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at
2 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;
3 Ghazali, 46 F.3d at 53.
4     In the instant case, the court finds that the public's
5 interest in expeditiously resolving this litigation and the court's
6 interest in managing the docket weigh in favor of dismissal as this
7 case has been pending since December 27, 2004.  The third factor,
8 risk of prejudice to defendants, also weighs in favor of dismissal,
9 since a presumption of injury arises from the occurrence of
10 unreasonable delay in prosecuting an action.  Anderson v. Air West,
11 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public
12 policy favoring disposition of cases on their merits -- is greatly
13 outweighed by the factors in favor of dismissal discussed herein.
14 Finally, a court's warning to a party that his failure to obey the
15 court's order will result in dismissal satisfies the "consideration
16 of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at
17 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The
18 court's order of June 5, 2007, expressly stated: "If plaintiff
19 fails to comply with this order, this action will be dismissed for
20 failure to obey a court order."  Thus, plaintiff had adequate
21 warning that dismissal could result from non-compliance with the
22 court's order.
23     Accordingly, the court HEREBY RECOMMENDS that this action be
24 DISMISSED based on plaintiff's failure to obey the court's order of
25 June 5, 2007.
26     These Findings and Recommendations are submitted to the United
27 States District Judge assigned to the case, pursuant to the
28 provisions of Title 28 U.S.C. § 636(b)(1).  Within **twenty (20) days**

3

after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    August 1, 2007**             /s/ Sandra M. Snyder
                              UNITED STATES MAGISTRATE JUDGE